## No. 5859.

### City of New Orleans vs. Mrs. C. Adams.

The limitation for taking an appeal fixed in article 593 of the Code of Practice is in the nature of a prescription.

If plaintiff and appellee, who is neither a minor nor an absentee, is permitted to file in this court, as he wishes to do, the transcript of this case and the prayer for an amendment of the judgment of the court below, one year and eight months after the appellant has abandoned her appeal, it would in effect be an appeal brought to this court to obtain a revision of the judgment, notwithstanding the positive language of article 593 of the Code of Practice.

Article 592, allowing an appellee to join in the appeal and virtually to become an appellant, must be construed with reference to article 593, which succeeds it, and which declares that except in regard to minors and absentees no appeal will lie after one year from the time a judgment is rendered. This view of the law is confirmed by article 594.

The appellee therefore cannot obtain from this court the desired relief. No revision of the judgment can now be had in his behalf, because the transcript was filed too late.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins,* J. *Samuel P. Blanc,* Assistant City Attorney, for plaintiff and appellant. *J. Livingston,* for defendant and appellee.

Wyly, J. In this suit the city of New Orleans, on a demand for taxes against the defendant of some eighteen hundred dollars, confirmed a default, and judgment was entered up for only one hundred and eighty-six dollars. Why the default was confirmed only for this small amount the record does not disclose.

This judgment was rendered on the twelfth day of November, 1873, and it was signed five days thereafter.

On the twenty-sixth day of December, 1873, defendant obtained an order of appeal, returnable on the third Monday of January, 1874, alleging in her petition for appeal that notice of the judgment confirming the default was only served on her on the nineteenth of December, 1873, "as appears from a copy of said notice herewith filed, which judgment was for the sum of eighteen hundred and sixty dollars, with ten per cent interest from July 31, 1873."

The third Monday in January, 1874, the return day for the appeal, arrived and appellant failed to file the transcript.

On the sixteenth of September, 1875, one year and eight months after the return day had passed, the appellee filed the transcript of appeal, and filed subsequently an answer praying for an amendment of the judgment so as to increase it to eighteen hundred and sixty dollars.

The appellant now moves to dismiss this appeal, because the record is filed one year and eight months after the return day and the abandonment thereof by herself, and nearly two years after the judgment was rendered by the court below. The evident object of the appellee, who has filed the transcript and joined in the appeal at this late day, is to obtain a revision of the judgment, so as to have corrected an evident error made in entering up judgment for only one hundred and eighty-six dollars when confirming the default against defendant in this tax suit for eighteen hundred and sixty dollars.

Now, if this practice is tolerated, a judgment which was rendered nearly two years ago, and the appeal from which was abandoned one year and eight months ago, will be open for revision; and appellee, by joining in the appeal and becoming thereby virtually an appellant, will be able to get a remedy for the error it complains of in the judgment, which it could not get by a direct appeal taken at the time this record was made out. Furthermore, if the view of the articles of the Code of Practice on the subject of an appeal taken by appellee's counsel be correct, that there is no limit within which the appellee is bound to file the record together with his answer praying an amendment of the judgment in his behalf, the result will be that appellee in this case could have delayed five or ten years longer before filing the transcript together with an answer praying an amendment of the judgment; indeed, it would never be too late to obtain a revision of this judgment, unless, perhaps, this court would decline to do so after a period of ten years, when the judgment itself would be barred by prescription. But this barring by prescription in the lower court might, from period to period, be arrested by a revival of the judgment, and thus the right to enjoy an appeal or to have a judgment revised in a case like this might remain to the appellee as long as desirable; the judgment might remain open for revision indefinitely; or, after delaying the matter for years and after all apprehension of having the judgment revised had passed from the mind of the appellant, the appellee, if he chose, could file the transcript and prayer for an amendment of the judgment, have the case submitted to and decided by the appellate court without any opposition on the part of the appellant, who would be in utter ignorance of the proceeding in the appellate court.

Such a theory cannot be founded in law; it cannot fairly be deduced

City of New Orleans vs. Mrs. C. Adams.

from the articles of the Code of Practice on the subject of appeals, and it is repugnant to the policy of all countries, which enact laws of prescription on the principle that the public have an interest in requiring litigation to end at some time.

The limitation for taking an appeal fixed in article 593 of the Code of Practice is in the nature of a prescription. It says: "No appeal will lie," except as regards minors and absentees, "after a year has expired, to be computed from the day on which the final judgment was rendered."

Now, if appellee is permitted to file the transcript and the prayer for an amendment of the judgment one year and eight months after the appellant has abandoned her appeal, will there not, in effect, be an appeal brought to this court and will there not be the revision of a judgment, notwithstanding the positive language of article 593 just quoted?

Article 592, allowing an appellee to join in the appeal and virtually to become an appellant, must be construed with reference to article 593, which succeeds it, and which declares that except in regard to minors and absentees "no appeal will lie" after one year from the time a judgment is rendered. And the next article, 594, confirms the view we have taken, that an appellee cannot join in an appeal and in effect become an appellant by filing the transcript and a prayer for an amendment of the judgment after the time for taking an appeal has elapsed.

Our conclusion is that the appellee cannot obtain from this court the desired relief; that no revision of the judgment can now be had on behalf of appellee, because the transcript was filed too late.

The appeal is therefore dismissed at plaintiff's costs.